IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GRANDMOTHERS GROWING GOODNESS, *et al.*,<br><br>   *Plaintiffs*,<br><br> v.<br><br>DOUG BURGUM, in his official capacity as Secretary of the United States Department of the Interior, *et al.*,<br><br>   *Defendants*. | Case No. 1:26-cv-513 |

**JOINT STATUS REPORT**

Pursuant to the Court's February 21, 2026 minute order, the parties met and conferred regarding a schedule for completing briefing on Plaintiffs' motion for a preliminary injunction, ECF No. 14, but were unable to reach agreement on a proposed schedule. The parties set forth their respective positions below.

**Plaintiffs' Position**

Plaintiffs seek a schedule that would allow for a hearing within 21 days of the filing of the preliminary injunction motion, as provided for under Local Rule 65.1(d). Plaintiffs filed the motion for preliminary injunction on February 20, 2026, and 21 days from that date is March 13, 2026. A hearing by that date is required because "a later hearing date" will "prejudice" Plaintiffs. *See* Local Rule 65.1(d).

In particular, Plaintiffs will be prejudiced if the Court is unable to enter a decision by the morning of March 18, 2026, as the lease sale bids are scheduled to open at 10:00 am Alaska Standard Time on March 18. A decision before bids are opened is critical because that is the last point at which the challenged tracts can be cleanly withdrawn from the sale without implication

third-party information or rights. Under 43 C.F.R. § 3132.2(a) and the Detailed Statement of Sale, each bid is submitted in a separate sealed envelope identified by tract number. *See* Ex. 27, ECF No. 14-29 at 3-4. If an injunction issues before bid opening, BLM simply withdraws the enjoined tracts and returns unopened envelopes. No competitive intelligence is exposed, no capital allocation is disrupted, and the remainder of the sale proceeds without interruption. After bids are publicly opened, however, bidders' competitive strategies are irreversibly disclosed; competitors can see which tracts a bidder prioritized and how much it was willing to pay. Relief remains available after that point but raises third-party complications that a pre-opening decision does not. Indeed, Defendants and any intervenor-Defendants would be nearly certain to raise these complications in arguing against any injunction that would issue after March 18.

Moreover, recent agency practice demonstrates that BLM can compress the post-bid lease award process to as little as thirteen days, as it did in the 2021 Arctic Refuge lease sale. *Notice of Sale to be Issued for Coastal Plain Oil and Gas Leasing Program Dec. 7,* Bureau of Land Mgmt. Alaska (Dec. 3, 2020) https://perma.cc/QCG7-43AX (announcing lease sale to be held on January 6, 2021); *Leases Issued for ANWR Coastal Plain Oil & Gas Program,* Bureau of Land Mgmt. Alaska (Jan 19, 2021) https://perma.cc/C33Z-YKSQ (announcing issuance of leases on January 19, 2021).*,* There is no assurance the agency will not move with similar speed here, and once leases issue, leaseholders acquire reliance interests that further complicate relief. A pre-lease sale opening decision eliminates these complications entirely and serves not only Plaintiffs' interests but the Court's interest in avoiding unnecessary third-party entanglements.

Plaintiffs' preliminary injunction brief sets forth in greater detail the irreparable harm that Plaintiffs will suffer if the lease sale proceeds on March 18. *See* ECF No. 14-1, 24-40.

To facilitate a timely decision on the motion, Plaintiffs propose a schedule grounded in the Local Rules:

**February 27, 2026**: Defendants' opposition (*see* Local Rule 65.1(c)).

**March 6, 2026**: Plaintiffs' reply (*see* Local Rule 47(d)).

By **March 13, 2026**: Hearing on the motion, with a preference for **March 9-11** subject to the Court's availability (*see* Local Rule 65.1(d)).

**<u>Defendants' Position</u>**

None of the foregoing addresses *Gwich'in Steering Comm. v. Bernhardt*, No. 3:20-cv-204-SLG, 2021 WL 46703 (D. Alaska Jan. 5, 2021) (denying motions to preliminarily enjoin an oil and gas lease sale).  The parties have reached agreement on a slightly modified schedule for the preliminary injunction motion filed in *Nuiqsut Trilateral, Inc. v. Burgum*, No. 1:26-239-AHA, and Defendants believe it makes best sense and will conserve the resources of the Court and the parties to align the schedules in the two cases.  Aside from reflecting agreement in first-filed case (and first-filed motion for preliminary injunction), the following schedule preserves greater flexibility in conducting argument on the motions.  That agreement, as filed in *Nuiqsut Trilateral*, states:

**March 2, 2026**: Defendants file their opposition to Plaintiff's motion.

**March 9, 2026**: Plaintiff files its reply in support of its motion.

Plaintiff respectfully requests that the Court hold oral argument on Plaintiff's motion within seven days of submission of Plaintiff's reply memorandum, consistent with Local Civil Rule 65.1(d).  Defendants do not object to this request.

Dated: February 23, 2026

Respectfully submitted,
/s/Layla A. Hughes
Layla A. Hughes[+] (D.C. Bar # 472948)
909 Goldbelt Ave
Juneau, AK 99801
(386) 693-1963
laylahughes@laylahughes.com

[+] *Admitted pro hac vice*

*Counsel for Plaintiffs*

Daniel F. Jacobson (D.C. Bar # 1016621)
Nina C. Cahill (DC Bar No. 1735989)
JACOBSON LAWYERS GROUP PLLC
5100 Wisconsin Ave., Suite 301
Washington, DC 20016
(301) 823-1148
dan@jacobsonlawyersgroup.com

*Counsel for Plaintiff The Wilderness Society*


ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

*/s/ Paul A. Turcke*
PAUL A. TURCKE (Idaho Bar # 4759)
Trial Attorney, Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
(202) 532-5994
paul.turcke@usdoj.gov

*Counsel for Defendants*